Argued and submitted March 29, affirmed April 21, 1993

In the Matter of the Compensation of
Gary R. Thomas, Claimant.

Gary R. THOMAS,
*Petitioner,*

*v.*

PROFESSIONAL REFORESTATION
OF OREGON, INC.
and SAIF Corporation,
*Respondents.*

(91-11382; CA A76871)

850 P2d 1143

Karsten H. Rasmussen, Eugene, argued the cause for petitioner. With him on the brief was Rasmussen & Henry, Eugene.

Steve Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board determining that SAIF is entitled to an offset under ORS 656.222. We affirm, and write only to address claimant's contention that the Board incorrectly calculated SAIF''s offset on a degree-per-degree basis.

ORS 656.222 provides:

"Should a further accident occur to a worker who is receiving compensation for a temporary disability, or who has been paid or awarded compensation for a permanent disability, the award of compensation for such further accident shall be made with regard to the combined effect of the injuries of the worker and *past receipt of money* for such disabilities." (Emphasis supplied.)

OAR 436-35-007(3) provides:

"Where a worker has a prior award of permanent disability under Oregon Workers' Compensation Law in a different claim for injury to the same body part as that bearing evaluation on the current claim, the prior award of permanent disability shall be subtracted from the amount of disability determined under these rules on a degree-for-degree basis."

Claimant contends that the emphasized language of the statute means that the current award should be offset by only the *dollar* amount previously received. For example, assume that a claimant's prior award was for 10 degrees permanent partial disability, at $145 per degree, for a total award of $1,450. Later, the claimant is injured on the job, for a total disability, including disability from the prior injury, of 20 degrees. Due to statutory changes, benefits are now paid at $305 per degree. For the total disability, the award would be $6,100. Pursuant to OAR 436-35-007(3), the Board would base the award on only 10 degrees of disability, because it would deduct from the total current disability of 20 degrees the previous disability of 10 degrees. Claimant would have the current award be based on 20 degrees, reduced by $1,450, the dollar amount of the previous award. Claimant contends that his calculation of a dollar-per-dollar offset is what is contemplated by ORS 656.222, and that the Board's rule permitting a degree-per-degree offset is inconsistent with the statute.

The Board reasoned that the statute merely authorizes the insurer to obtain an offset, but does not provide the manner in which the offset is to be taken. It held that the language "past receipt of money" is not intended as a benchmark for the basis of the offset, but as a general reference to the claimant's earlier award. We agree with that interpretation. The statute is silent as to how the offset is to be determined. We conclude that the Board's rule requiring that the offset be calculated on a degree-per-degree basis is consistent with the statute.

Affirmed.